policy provided for indemnity for breakage, but stipulated that the insurer would not be liable for damages caused as a result of fire, it was held that where a fire occurred in the building and it became necessary to dynamite the building, from which injury to the plate glass resulted, the Insurance Company was not liable as the fire and not the dynamiting was the proximate cause of the injury." And this is also sustained by the case of *Jones v. Metropolitan Casualty Ins. Co.,* 144 Wis. 66.

We do not believe that the language employed in this exception could be misunderstood; it is clear and provides that the defendant shall not be liable for any loss or damage resulting directly or indirectly from any inundation. It was not in the mind of either of the parties to this contract, as we think, to create a liability upon the part of the defendant, where it grew out of a flooding of the streets to the depth of several feet, as alleged in the declaration, and we do not think that the mere fact that the direct act of breaking the plate glass could create the liability in the face of this exception. We are of the opinion that the Circuit Court properly sustained the demurrer to the plaintiffs' declaration, and the judgment is affirmed.

*Judgment affirmed.*

---

## August Young, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the March term, 1914. Reversed. Opinion filed July 28, 1914.

## Statement of the Case.

Action by August Young against East St. Louis & Suburban Railway Company to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant.

Between the time of the instituting of said suit and the date set for trial plaintiff settled his cause with defendant for the amount of two hundred and seventy-five dollars, and agreed to dismiss his suit and pay the costs. Defendant paid plaintiff the two hundred and seventy-five dollars and plaintiff signed an agreement releasing defendant from any further liability; and it was further provided in said agreement that plaintiff was to dismiss the aforesaid suit at his cost. On the day set for trial the plaintiff failed to appear and a motion was interposed by defendant to dismiss the suit for want of prosecution, and for judgment against the plaintiff for costs, and in support of such motion presented a release and agreement containing the provision above set forth. The court refused to dismiss the suit at cost of plaintiff because it appeared that the plaintiff was insolvent and unable to pay costs, but of its own motion rendered judgment against the defendant for costs. To reverse the judgment, defendant prosecutes this appeal.

Barthel, Farmer & Klingel, for appellant.

L. P. Zerweck, for appellee.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

Costs, § 14*—*when judgment against defendant on dismissal for want of prosecution erroneous.* Where in a personal injury case the plaintiff failed to appear on the day set for trial and the defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

moved that the suit be dismissed for want of prosecution and for a judgment against plaintiff for costs, and in support of the motion presented a release from liability and an agreement executed by the plaintiff to dismiss the suit and pay the costs, *held* it was the duty of the court to enter judgment against plantiff for costs unless he had procured an order to prosecute as a poor person, and that the action of the court in entering on its own motion a judgment against defendant for costs, for the reason it appeared that plaintiff was insolvent and unable to pay costs, was improper.

## Town of Canteen, Appellant, v. Fred Weber and Martha Weber, Appellees.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Town of Canteen against Fred Weber and Martha Weber to recover a penalty under section 71, ch. 121, Hurd's R. S., J. & A. ¶ 9700, for the obstruction of a highway. The charge is that the defendants built a fence in the middle of the road covering one-half of the road and extending about three hundred feet parallel with the road, and that the defendants had been verbally notified, and the defendant Fred Weber notified in writing, to remove the obstruction. It further appeared that the defendants had promised to remove the obstruction in ten days, but that they had failed to do so.

The case was tried before a jury and a verdict was returned finding the defendants not guilty. To reverse the judgment, plaintiff appeals.